PHILIPE *v.* LEVY *et al.*

*(Superior Court of New York City, General Term.* June, 1888.)

APPEAL—WHO MAY APPEAL—FOREIGN EXECUTOR.

One who has qualified in another state as executrix of a person against whom a judgment by default had been rendered in New York before his death, but who has not so qualified in the latter state, cannot appeal from an order denying a motion to reopen the judgment, not being a "party," within Code Civil Proc. N. Y § 1294, allowing a "party aggrieved" to appeal, in certain cases, except where the order appealed from was made on his default.

Appeal from special term.

Code Civil Proc. N. Y. § 1294, cited in opinion, reads as follows: "A party aggrieved may appeal, in a case prescribed in this chapter, except where the judgment or order of which he complains was rendered or made upon his default."

Argued before SEDGWICK, C. J., and TRUAX, J.

*Marsh, Wilson & Wallis,* for appellant. *D. Edgar Anthony* and *H. Morrison,* for respondents.

TRUAX, J. Antonio Philipe was a resident of the state of Alabama. Judgment was rendered against him in this action by default. After the rendition of the judgment the said Antonio Philipe died, and the appellant, Ann M. Philipe, qualified as his executrix in the state of Alabama. She has not taken out letters in this state. Under this state of facts the said Ann M. Philipe made a motion at special term to open the default herein. That motion was denied, and from the order denying the motion the said Ann M. Philipe appeals. I am of the opinion that the appeal should be dismissed. Ann M. Philipe is not a party to the action, and therefore is not within the provision of section 1294 of the Code of Civil Procedure. She is entitled to become a party, and may appeal when she has complied with the provisions of section 1296 of the Code. Appeal dismissed, with costs. All concur.